**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

EDWIN WHITESIDE and CHARLES DAVIS,

    Plaintiffs,

v.                                            Case No. 11-10091

STATE FARM FIRE AND CASUALTY
COMPANY,

    Defendant.
                                                      /

**OPINION AND ORDER GRANTING DEFENDANT'S "MOTION
TO AMEND ITS RULE 26 EXPERT DISCLOSURES AND ENDORSE
DAVID G. STAYER AS AN EXPERT WITNESS"**

      Before the court is Defendant State Farm Fire and Casualty Company's motion to amend its Federal Rule of Civil Procedure 26 expert disclosures and to endorse David Stayer as an expert witness filed on October 6, 2011. Defendant indicates that Plaintiffs would not concur in Defendant's requested relief. In spite of their refusal to concur, Plaintiffs did not file a response in opposition to Defendant's motion. After reviewing Defendant's brief and exhibits, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will grant the motion.

      On February 16, 2011, Defendant provided Plaintiffs with initial disclosures pursuant to Federal Rule of Civil Procedure 26, and identified Richard Polcyn as a retained expert. In June 2011, Mr. Polcyn was involved in a serious motorcycle accident and suffered life-threatening injuries. Despite Mr. Polcyn's injuries, the parties continued the discovery process, and Defendant produced Mr. Polcyn's Rule 26(a)(2)(B) expert report on June 24, 2011. On August 8, 2011, Defendant filed an

amended witness list, indicating that Mr. Polcyn would be called as a expert witness during trial.  The discovery deadline in this matter expired on August 22, 2011.

Thereafter, on September 8, 2011, Mr. Polcyn spoke with counsel for Defendant and informed counsel that he would be unable to testify at trial due to his physical and mental injuries suffered in the accident.  Four days later, in an effort to replace Mr. Polcyn, Defendant retained the services of fire investigator David Stayer, and advised counsel for Plaintiffs of the substitution the next day.  Counsel for Defendant sought Plaintiffs' counsel concurrence in the instant motion, but Plaintiffs' counsel refused.

Courts considering a party's request to substitute a new expert after the close of discovery generally apply the good cause standard of Federal Rule of Civil Procedure 16(b).  *See Doctor's Assocs., Inc. v. QIP Holder LLC*, Case No. 06-1710, 2009 U.S. Dist. LEXIS 119949, *9 (D. Conn. Dec. 23, 2009) (compiling cases).  Rule 16(b) states that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  "The primary measure of Rule 16's 'good' cause standard is the moving party's diligence in attempting to meet the case management order's requirements. . . . Another relevant consideration is possible prejudice to the party opposing the modification." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 807, 809 (8th Cir. 2001)) (internal quotation marks omitted).  Courts have consistently permitted the substitution of expert witnesses when unforeseen events render the original expert witness unavailable to testify at trial.  *See Doctor's Assocs., Inc.*, 2009 U.S. Dist. LEXIS 119949 at *10-11 (finding good cause to substitute where original expert withdrew due to a conflict of interest); *Howard v. Securitas Sec. Servs., USA, Inc.*, Case No. 08-2746 (N.D. Ill. June

2

23, 2011) (finding substantial justification to substitute party's expert after the disclosure deadline where original expert witness was recovering from leukemia); *Lincoln Nat'l Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*, Case No. 04-396, 2010 U.S. Dist. LEXIS 103744 (N.D. Ind. Sept. 30, 2010) (finding good cause to substitute expert witness where original expert was arrested for embezzlement and unavailable to testify because he was incarcerated).

Throughout this unfortunate course of events, Defendant has been diligent and timely in its production of expert witness disclosures, and has endeavored to avoid any potential prejudice to Plaintiffs that Mr. Polcyn's accident might cause. For example, Defendant timely notified Plaintiffs of Mr. Polcyn's accident and produced Mr. Polcyn's report. Further, on September 13, 2011, five days after learning of Mr. Polcyn's unavailability and a mere day after securing Mr. Stayer's services, Defendant's counsel advised Plaintiffs that Mr. Stayer would be available for deposition as soon as he completed his investigation, and his Rule 26(a)(2)(B) report would be produced without delay once it was finished. The court can ask little more of Defendant, and therefore, the court concludes that Defendant has been diligent "in attempting to meet the case management order's requirements. " *Inge*, 281 F.3d at 625.

The court also finds that Plaintiffs will not suffer significant prejudice. Defendant indicates that Mr. Stayer's findings will be substantially similar to Mr. Polcyn's original findings, and thus, Plaintiffs will not suffer prejudice from new findings or opinions being "sprung" on them at trial. Additionally, Plaintiffs were notified of Defendant's need to substitute expert witnesses three months before the scheduled trial date, and have ample time to prepare a trial strategy to rebut Mr. Stayer's report and testimony. Finally,

the court observes that Plaintiffs failure to file a response suggests that Plaintiffs themselves conclude that the possibility of prejudice is so insignificant that it does not warrant a brief in opposition to Defendant's motion.  Accordingly,

IT IS ORDERED that Defendant's "Motion to Amend . . ." is GRANTED.

 s/Robert H. Cleland 
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 26, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 26, 2011, by electronic and/or ordinary mail.

 s/Lisa Wagner 
Case Manager and Deputy Clerk
(313) 234-5522